UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CARLTON VOSE,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        No. 1:25-cv-00168-JAW-KFW
                                       )
CITY OF PAWTUCKET, et al.,             )
                                       )
            Defendants.                )

**CORRECTED ORDER ON PLAINTIFF'S MOTION TO STAY[1]**

The court denies a plaintiff's motion to stay litigation because he has failed to demonstrate a hardship or inequity in being required to go forward and because a stay will prejudice non-moving parties.

## I.    BACKGROUND

On April 21, 2025, Carlton Vose, acting pro se, filed a complaint in this court on his own behalf and on behalf of the beneficiaries of Pauline Vose against seventy-nine defendants, claiming that the defendants have operated as a criminal enterprise, have maliciously prosecuted him for his advocacy against corruption, including judicial corruption, in the state of Rhode Island and that their unchecked corruption resulted in the kidnapping and murder of his mother, Pauline Vose. *Compl.* at 1-77 (ECF No. 1). On July 21, 2025, Mr. Vose filed an amended complaint. *First Amended*

---

[1]      On February 9, 2026, the Court issued an order, docketed on February 10, 2026, on Plaintiff's Motion to Stay. *Order on Pl.'s Mot. to Stay* (ECF No. 120). In the order, the Court referred to Mr. Vose's state conviction for elder neglect and inappropriately used elder neglect and elder abuse interchangeably. *See id.* at 4, 5, 10. Mr. Vose properly alerted the Court to its imprecise use of the terms, which are not interchangeable, and asked the Court to issue an amended order, correcting its mistake. *Rule 60 Mot. to Correct Order* (ECF No. 123). This is the corrected order.

*Compl.* (ECF No. 16).  Then on August 6, 2025, Mr. Vose filed a motion for leave to file a second amended complaint, *Mot. for Leave to Submit Second Amended Compl.* (ECF No. 19), but he attached a document entitled First Amended Complaint.  *Id.* Attach. 1, *First Amended Compl.*  On August 22, 2025, the motion to amend complaint was granted, *Text Order*, and the same day, Mr. Vose filed a document entitled First Amended Complaint.  *First Amended Compl.* (ECF No. 34).  Then, on September 12, 2025, Mr. Vose filed a document entitled Second Amended Complaint.  *Second Amended Compl.* (ECF No. 48).  On October 22, 2025, Mr. Vose filed a motion for leave to file third amended complaint, *Mot. for Leave to Submit Third Amended Compl.* (ECF No. 77) (*Pl.'s Mot. to Am.*), and he attached a document entitled Third Amended Complaint to his motion.  *Id.*, Attach. 1, *Third Amended Compl.*[2]

On October 12, 2025, Mr. Vose moved to stay these proceedings, *Mot. to Stay Proceedings* (ECF No. 72) (*Pl.'s Mot. to Stay*), and filed an affidavit sworn to by Mr. Vose in support of the motion.  *Id.* Attach. 1, *Pl.'s Verified Aff. in Support of Mot. to Stay Proceedings* (*Vose Aff.*).  On October 16, 2025, the Municipal Defendants[3] objected to Mr. Vose's motion to stay.  *Mun. Defs.' Obj. to Pl.'s Mot. to Stay Proceedings (ECF 72)* (ECF No. 73) (*Mun. Defs.' Obj.*).  On October 24, 2025, the State Defendants[4]

---

[2]    The Court has under advisement Mr. Vose's motion to amend his complaint a third time; several defendants have objected to that motion.

[3]    The Municipal Defendants are city of Pawtucket, Donald Grebien, Tina Goncalves, Paul King, Christopher Dupont, Hans L. Cute, William McCaughey, Kelly A. Boily, Craig S. Letourneau, Jess Venturini, Mary L. Moran, Irina Gorman, in her capacity as Treasurer of the city of Pawtucket, and Hon. Christine McBurney.  *Mun. Defs.' Obj. to Pl.'s Mot. to Stay Proceedings (ECF 72)* at 1 (ECF No. 73).

[4]    The State Defendants are Peter F. Kilmartin, Patricia K. Rocha, Gerald Coyne, Debra A. Saunders, Barbara L. Margolis, Peter A. DiBiase, Michael A. Ursillo, William Conley, Maria J.R.

objected to Mr. Vose's motion to stay. *State Defs.' Obj. to Pl.'s Mot. to Stay Proceedings* (ECF No. 79) (*State Defs.' Obj.*).  On October 27, 2025, Defendant Paula M. Cuculo objected to Mr. Vose's motion to stay. *Def., Paula M. Cuculo's Obj. to Pl.'s Mot. to Stay Proceedings (ECF No. 72)* (ECF No. 83) (*Cuculo Obj.*).  On October 27, 2025, Defendant Thomas J. Liguori objected to Mr. Vose's motion to stay. *Obj. of the Def. Thomas J. Liguori, Jr. to the Pl.'s Mot. to Stay Proceedings* (ECF No. 84) (*Liguori Obj.*).

Mr. Vose did not file a reply to these oppositions.

## II.    THE POSITIONS OF THE PARTIES

### A.    Carlton Vose's Position

Mr. Vose moves for a stay of the proceedings "pursuant [to] Fed. R. Civ. P. 37 due to failure of the state superior (where several Defendants work) to cooperate with the Plaintiff; or based on this Court's inherent authority to control the progress of a case before it." *Pl.'s Mot. to Stay* at 1.  Mr. Vose explains that he has been trying to gain access to the state case files for the theft and obstruction cases (P2-2018-0354A and P3-201602655A), which were located in the Providence superior court. *Id.*  Mr. Vose says that he needs these filed to proceed with his lawsuit. *Id.*  Mr. Vose mentions

---

Goncalves, Suzanne Augenstein, Charles J. Fogarty, Jr., Peter B. Graham, Lise Iwon, Peter F. Neronha, Stephen G. Dambruch, Diane Daigle, Suzette I. Pintard, Molly Kapstein Cote née Molly Bronitsky, Martha Crippen, Virginia M. McGinn, Karen Enright, Mickaela Driscoll, Maureen McKenna Goldberg, Paul A. Suttell, William P. Robinson, III, Gilbert V. Indeglia, Francis X. Flaherty, Melissa A. Long, Erin Lynch Prata, David D. Curtin, Kerry R. Travers, Jeanne E. LaFazia, Christopher K. Smith, Joseph A. Montalbano, Anthony F. Amalfetano, Gayle Wolf, Karen DelPonte, Donna M. Di Donato, Francis Flanagan, Ann S. Gooding, J. Scott Kilpatrick, Maria Q. Lawrence, Raffaele R. Liguori, Eric B. Mack, and Melanie K. Luker *née* Melanie K. St. Angelo in their individual capacities. *State Defs.' Obj. to Pl.'s Mot. for Leave to Submit Third Amended Compl.* at 1 n.2 (ECF No. 80).  The State Defendants clarified that Patricia K. Rocha is represented in her individual capacity as a member of the state of Rhode Island Judiciary Committee on Character and Fitness only but not as to other claims against her and defendants Joseph Marion and Adler Pollock & Sheehan, P.C. *Id.*

that he was required to file the wrongful death claim by April 30, 2025 due to a statute of limitations issue, but he did not have access to these two case files because the Providence superior court had refused to grant him access. *Id.* at 1-2. Mr. Vose believes that this absence of evidence is why he has been subject to motions to dismiss. *Id.* Mr. Vose then documents his efforts to obtain the documents. *Id.* at 2-3. Mr. Vose says that he has suffered "extreme prejudice" from the State Defendants' withholding of these documents in that he has been unable to provide more detailed allegations in his complaint. *Id.* at 3.

In addition, Mr. Vose observes that the city of Pawtucket has argued in its motion to dismiss his complaint that to allow his lawsuit to move forward would call into question the validity of his conviction for elder neglect in state case number P2-2016-2326A. *Id.* But Mr. Vose writes that "the validity of the conviction has already been overruled by this Court in its Judgment dated 09/05/2024 in 1:23-cv-84." *Id.* at 4.

Mr. Vose also maintains that a stay of the proceedings may be appropriate for two reasons: "(1) to allow the Plaintiff's state postconviction proceedings to play out, and (2) to allow the state court to enforce this Court's Judgment in his habeas corpus case at 1:23-cv-84, in the same state postconviction proceedings." *Id.* Mr. Vose says that he currently has a motion to vacate his conviction pending before Joseph A. Montelbano, who is a Providence, Rhode Island Superior Court judge and a codefendant in this case. *Id.* at 5; *see Second Amended Compl.* ¶ 43. Mr. Vose suggests that the Court can await the outcome of the state postconviction relief case,

and he could add a malicious prosecution count for the criminal charge of elder neglect, "saving everyone involved an enormous amount of cost and effort." *Pl.'s Mot. to Stay* at 5.

Mr. Vose reviews the background of his state criminal case in which he was apparently convicted of elder neglect. *Id.* at 6-8. First, Mr. Vose criticizes his state court conviction, saying there was no evidence that his actions met the statutory definition of neglect necessary for an elder neglect conviction. *Id.* at 6. Next, he says that even though the state supreme court agreed with him that there was no evidence of neglect, they rejected the statutory definition and rewrote the statute using the dictionary definition of neglect. *Id.* Mr. Vose turns to his petition for writ of habeas corpus in this Court and he says that this Court decided that the state prosecution had been required to prove the statutory definition of neglect, "thus the state supreme court decision upholding the conviction has already been overruled by this Court." *Id.* at 7. From these conclusions, Mr. Vose maintains that "vacation of the convictions and dismissal of the charges with prejudice is warranted." *Id.* Mr. Vose concludes that "the validity of the convictions has been overturned by this Court's Judgment dated 09/05/2024 in case 1:23-cv-84", and he is assured that the state superior court will vacate his elder neglect conviction. *Id.* at 8.

Mr. Vose requests that this Court temporarily stay these proceedings until the state case files can be located and he has reviewed them. *Id.*

### B.    The Municipal Defendants' Objection

In their objection, the Municipal Defendants first observe that Mr. Vose cites "no action or inaction by any Municipal Defendants that supports the drastic action

sought." *Mun. Defs.' Obj.* at 1.  Next, the Municipal Defendants contend that Rule 37[5] is not applicable to this case and not to any Municipal Defendant.  *Id.*  Finally, they argue that Mr. Vose has "not come close" to providing a valid reason to stay this lawsuit.  *Id.*

### C.    The State Defendants' Objection

The State Defendants maintain that the Court should deny the motion to stay "because the Motion is baseless and would unnecessarily and improperly delay the resolution of this frivolous lawsuit."  *State Defs.' Obj.* at 1.  The State Defendants worry that Mr. Vose is seeking to engage in a "fishing expedition" in search of facts that will help substantiate his frivolous causes of action.  *Id.* at 3.  Furthermore, the State Defendants point out that Mr. Vose has failed "to address what information he seeks in the court files or how it will allegedly change the outcome of this case."  *Id.*

The State Defendants observe that Mr. Vose's state convictions for theft and obstruction dated back to 2018 and 2016 and were closed in 2024.  *Id.* at 4.  They point out that Mr. Vose had years to obtain any documents he believed were relevant, and moreover as a party, he "is particularly situated to have access to these records and knowledge of the cases."  *Id.*  The State Defendants accuse Mr. Vose of having "a history of hastily filing lawsuits on the eve of the running of a statute of limitations and [then] trying to delay the litigation afterwards while he attempts to put the pieces together."  *Id.*

---

[5]    The Municipal Defendants miscite the rule as Rule 27, but they describe its title as "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions," which is the title for Rule 37.  *See* FED. R. CIV. P. 37.  Furthermore, Mr. Vose did not cite Rule 27; he cited Rule 37.  *See Pl.'s Mot. to Stay* at 1. The Court is satisfied that the Municipal Defendants' reference to Rule 27 is a typographical error.

Regarding his malicious prosecution claim, the State Defendants note that Mr. Vose himself acknowledges that his criminal case has not yet been dismissed, so one of the elements of a malicious prosecution claim has not been met by his own admission. *Id.* at 5.

The State Defendants view Mr. Vose's arguments against his state conviction as an "inappropriate avenue" to do so. *Id.* They also say that Mr. Vose has inaccurately characterized the result of his federal habeas petition. *Id.*

Finally, the State Defendants argue that Mr. Vose's invocation of Rule 37 is inapplicable because Rule 37 is a rule of discovery, and the parties have not yet engaged in discovery. *Id.* at 6.

### D. Paula M. Cuculo's Opposition

In Paula Cuculo's opposition, she points out that Mr. Vose cites "no action or inaction by defendant, Paula M. Cuculo, that supports the drastic action sought and his complaints appear to be with other defendants." *Cuculo Opp'n* at 1. Ms. Cuculo also notes that Rule 37 is not applicable because "no discovery or disclosures have been filed." *Id.* Finally, she observes that she has filed a motion to dismiss the complaint and staying the case would only delay its resolution. *Id.*

### E. Thomas J. Liguori, Jr.'s Opposition

Thomas Liguori objects to Mr. Vose's motion to stay because he contends it would cause him prejudicial delay, because Mr. Vose's motion is not justified by any potential hardship or inequity, because judicial economy weighs in favor of denying a stay, and because his motion is grounded on Rule 37, which is not applicable to this case as yet. *Liguori Opp'n* at 1.

Regarding prejudice, Mr. Liguori observes that Mr. Vose's motion "cites to no action or inaction by the Defendant that would support the extraordinary relief sought." *Id.* at 2. Thus, Mr. Liguori says that the requested stay would greatly prejudice him because the stay, as requested, would be for an unspecified period and would be based on matters entirely outside his control, thus resulting in "otherwise unnecessary costs and extended emotional investment by the Defendant." *Id.*

Mr. Liguori next argues that Mr. Vose's contention that he has failed to put enough information in his amended complaint to survive a motion to dismiss must mean that he has failed to satisfy the requirements of Rules 8 and 11. *Id.* Like the State Defendants, Mr. Liguori dismisses Mr. Vose's professed need for information and materials, saying that he could have gotten them long before filing his federal lawsuit. *Id.*

Mr. Liguori urges the Court to proceed with the case, which in his view could be handled in the ordinary course. *Id.* at 3.

Finally, Mr. Liguori makes the same point about Rule 37 that other parties have made. *Id.*

## III. LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Am. Sales Co., LLC v. Warner Chilcott Pub. Ltd.*, C.A. No. 13-347 S, 2013 U.S. Dist. LEXIS 110436, at *3 (D.R.I. Aug. 6, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). The party seeking a stay "must make out a clear case of hardship or inequity in being required to go

forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* at \*3 (quoting *Landis*, 299 U.S. at 355). Whether to stay litigation pending resolution of parallel proceedings is committed to this Court's "sound discretion." *Metrom Rail, LLC v. Mass. Bay Transp. Auth.*, No. 25-cv-11446-ADB, 2025 U.S. Dist. LEXIS 252856, at \*17 (D. Mass. Dec. 8, 2025) (citation omitted).

"Of course, stays cannot be cavalierly dispensed: there must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Lowe v. Mills*, No. 1:21-cv-00242-JDL, 2023 U.S. Dist. LEXIS 149724, at \*3 (D. Me. Aug. 25, 2023) (quoting *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992)). In general, "in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and (3) judicial economy." *United States of Am. F/B/O Nucor Insulated Panel Grp. LLC v. Controlled Env't Sys. LLC*, No. 2:25-cv-00010-SDN, 2025 U.S. Dist. LEXIS 158249, at \*3 (D. Me. Aug. 15, 2025) (quoting *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009)).

## IV. DISCUSSION

Applying applicable legal standards to Mr. Vose's motion to stay, the Court concludes that he has not met his burden to "make out a clear case of hardship or inequity in being required to go forward." *Am. Sales*, 2013 U.S. Dist. LEXIS 110436 at \*3. First, Mr. Vose does not propose a date certain when the stay would expire. Instead, he argues the stay should be imposed until he obtains the case files from the state superior court, until his state postconviction proceedings play out, and until the

state courts vacate his conviction for elder neglect, none of which has a clear endpoint. Thus, the Court is unable to determine whether the stay, if ordered, will be "reasonable in duration" because Mr. Vose does not suggest a realistic end to his proposed stay. *Lowe*, 2023 U.S. Dist. LEXIS 149724, at *3.

Next, Mr. Vose's proposed stay imposes a significant hardship on many of the non-movants. Several defendants here have filed motions to dismiss his complaint. *See Mun. Defs.' Mot. to Dismiss* (ECF No. 65); *Def. Paula Cuculo's Mot. to Dismiss* (ECF No. 66); *Fed. Defs.' Mot. to Dismiss* (ECF No. 76); *Defs. Patricia K. Rocha, in her Individual Capacity, Joseph R. Marion III, and Adler Pollock & Sheehan P.C.'s Mot. to Dismiss the Second Amended Compl.* (ECF No. 91). These motions are now ready for decision. Although Mr. Vose argues that a stay will allow him to present more detail in his complaint to enable him to withstand the motions to dismiss, the Court is not convinced that his proposed delay will alter the Court's evaluation of the merits of the motions to dismiss. At the same time, the Court concludes that it would work a hardship on the defendants who have moved to dismiss to deny them a timely ruling on their motions.

Third, Mr. Vose's expectations of favorable rulings from the state court appear overly sanguine, and his characterizations of court rulings are inconsistent with the Court's reading of those cases. This is true of both his interpretation of the Rhode Island state court decisions, *see State v. Vose*, 287 A.3d 997 (R.I. 2023), *Vose v. State*, C.A. No. PM-2024-2024-5350, 2025 R.I. Super. LEXIS 80 (Sup. Ct. R.I. Sept. 23, 2025), and the federal court decision. *See Vose v. Dwyer*, No. 1:23-cv-00084-JJM-PAS,

*Order* (ECF No. 63).  For example, Mr. Vose's contention that the Court should grant his motion to stay because he will likely convince state courts to vacate his criminal convictions seems more a hope than an eventuality and is not a convincing reason to delay resolution of this lawsuit.

In sum, the Court concludes that Mr. Vose has failed to meet his burden to demonstrate that the criteria for the granting of a stay apply here.

## V.   CONCLUSION

The Court DISMISSES without prejudice Carlton Vose's Motion to Stay Proceedings (ECF No. 72).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2026