UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLTON VOSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00168-JAW-KFW |
| | ) |
| CITY OF PAWTUCKET, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S MOTION TO CORRECT ORDER**

On February 10, 2026, the Court issued an order on Plaintiff's Motion to Stay. *Order on Pl.'s Mot. to Stay* (ECF No. 120). In the order, the Court referred to Mr. Vose's state conviction for elder neglect and inappropriately used elder neglect and elder abuse interchangeably. *See id.* at 4, 5, 10. Mr. Vose properly alerted the Court to its imprecise use of the terms, which are not interchangeable, and asked the Court to issue an amended order, correcting its mistake. *Rule 60 Mot. to Correct Order* (ECF No. 123).

The Court agrees with Mr. Vose that he was convicted of elder neglect, not elder abuse. *See State v. Vose*, 287 A.3d 997, 999 (R.I. 2023) ("This case came before the Supreme Court on November 2, 2022, on appeal by the defendant, Carlton Vose . . . from a Superior Court judgment of conviction on six counts of neglecting an adult with severe impairments, in violation of G.L. 1956 § 11-5-12"); *Vose v. Dwyer*, 1:23-cv-00084-JJM-PAS, *Order* at 1 ("Carlton Vose is serving a prison sentence after a Rhode Island jury convicted him on six counts of violating the state's elder neglect

statute, R.I. Gen. Laws § 11-5-12").[1] The Court, therefore, grants Mr. Vose's motion to correct order and orders an amended order on the motion to stay to issue, replacing the term "abuse" with the term "neglect." The Court appreciates Mr. Vose bringing this mistake to the Court's attention.

The Court GRANTS Plaintiff's Rule 60 Motion to Correct Order (ECF No. 123) and ORDERS that its February 10, 2026 Order on Plaintiff's Motion to Stay (ECF No. 120) be amended to replace abuse with neglect.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2026

---

[1] In correcting the language of its order, the Court expresses no view as to Mr. Vose's other contentions in his motion to correct, including his opinion that § 11-5-12 contains three different crimes with different elements or that he has been damaged by the Court order since neither contention is necessary for the resolution of his motion to correct.